# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**
     **Plaintiff,**

*vs*.                                              **CRIMINAL ACTION NO. 2:12cr13**

**NATHANIEL L. FAWLEY,**
**RONI N. NICELY,**
**DERICK E. WILSON,**
**GARRETT A. SITES,**
**KAYLA L. EVANS, and**
**KEVIN G. THOMPSON, JR.,**

     **Defendants.**

## ORDER/OPINION REGARDING PRETRIAL MOTIONS

On April 12, 2012, Defendants Fawley, Nicely, Wilson, Sites, Evans, and Thompson were arraigned and all pled "not guilty" to the offenses charged in the Indictment entered March 20, 2012. An Initial Scheduling Order was entered on April 12, 2012, setting the deadline for all pre-trial motions for April 30, 2012. On April 27, 2012, Kevin Thompson, through counsel Jay McCamic, filed a Motion for Extension of Time to File Motions, which motion was adopted by Evans, Sites, Nicely, and Wilson. The Court granted the Motions for extension of time, resetting the deadline for the filing of pre-trial motions for May 4, 2012.

Defendant Evans, through counsel William Pennington, filed a Motion for a Bill of Particulars [DE 97]; Motion to Suppress Statements/ Confessions [DE 115]; Motion to Adopt Defendant's Motion to Inspect [DE 120]; Motion to Adopt Grand Jury Witness Testimony [DE 122]; Motion to Adopt Sites' Motion to File Additional Motions [DE 124]; Motion to Adopt Defendant's Motion for a Bill of Particulars by Defendant Garrett Sites [DE 129]; Motion to Adopt Defendant Garrett Sites' Motion for Exculpatory Evidence [DE 130]; Motion to Adopt Defendant Garrett Sites' Motion to Suppress Statements [DE 131]; and Motion to Adopt Motions filed by Defendant

Thompson [DE 132[1]].

Defendant Sites, through counsel Edmund Rollo, filed a Motion to Adopt Evans' Motion for a Bill of Particulars, which was granted by the Court; Motion to Inspect [DE 107[2]]; Motion for Discovery of Grand Jury Transcripts [DE 108]; Motion to Join in Motions of co-Defendants [DE 110]; Motion for Extension of Time to File Motions [DE 111]; Motion for Bill of Particulars [DE 112]; Motion for Release of Brady Material [DE 113]; and Motion to Suppress [DE 114].

Defendant Thompson, through counsel Jay McCamic, filed a Motion to Produce Pretrial Statements of Individuals Not to be Called as Witnesses [DE 116[3]]; Motion for Discovery of Government's Intention to Use Residual hearsay Exception under FRE 807 [DE 117]; Motion for Disclosure of or In Camera hearing on Co-Conspirator's Statements [DE 118]; Motion to Produce Early Jencks/Rule 26.2 Statements [DE 119]; Motion to Adopt/Join Co-Defendants' Motions [DE 121]; Motion for Discovery of CI's and Cooperating Individuals [DE 123]; Motion for Disclosure of Presentence Reports of Witnesses [DE 125[4]]; Motion for Release of Brady Materials [DE 126]; Motion for Discovery -- Statement of Uncharged Misconduct Evidence [DE 127]; and Motion to Suppress Statements [DE 128].

On May 1, 2012, the United States filed its Response to Evans' Motion for Bill of Particulars.

---

[1]Evan's Motion [DE 132] to join has been granted in a provision within this order but the substantive relief requested in the motions joined in [DE 107, 116 and 125] are addressed in separate orders.

[2]This Motion [DE 107] has been addressed in a separate order.

[3]This Motion [DE 116] has been addressed in a separate order.

[4]This Motion [DE 125] has been addressed in a separate order.

On May 9, 2012, the United States filed its Responses to Defendants' remaining motions.

**Motions to Adopt Co-Defendants' Motions**

As a threshold matter, the Court **GRANTS** each defendant's motions to adopt/join in the motions of their co-defendants [DE 110, 120, 121, 122, 124, 129, 130, 131, and 132].

**Motions to Suppress**

The Court has already decided the Motions to Suppress by separate Report and Recommendation [DE 114, 115, and 128].

**Non-Compliance with Local Rule of Criminal Procedure 16.03**

L.R.Cr.P.16.03 provides:

If additional discovery or inspection is sought, defendant's attorney shall confer with the appropriate Assistant United States Attorney within fourteen (14) days of the arraignment (or such later time as may be set by the Court for the filing of pretrial motions) to satisfy these requests in a cooperative atmosphere without recourse to the Court. The request may be oral or written and the United States Attorney shall respond in like manner.

In the event defendant thereafter moves for additional discovery or inspection, the motion shall be filed within the time set by the Court for the filing of pretrial motions. It shall contain:

(a) a statement that the prescribed conference was held;
(b) the date of said conference;
(c) the name of the Assistant United States Attorney with whom the conference was held;
(d) a statement that agreement could not be reached concerning the discovery or inspection that is the subject of defendant's motion; and
(e) the pertinent facts and law bearing upon the issues raised by the motion, as required by LR Cr.P 47.01.

A review of Defendants' motions does not contain the required statements regarding the prescribed conference. For that reason alone, the motions should be **DENIED**.

**Motions for Bill of Particulars** [DE 97, 112]

Defendants move the Court for an order directing the United States to identify witnesses, provide the United States' theory of admissibility with respect to the nplex Transaction Summary documents provided in discovery; provide a more particularized disclosure of the evidence regarding proof of the purchases of pseudoephedrine; relevant conduct exposure; names and addresses of all individuals with whom the government intends to show conspired with Defendants; dates of all acts which the government intends to show in support of its allegation that Defendants conspired as alleged and the location thereof; and the names, addresses and telephone numbers of all individuals who were present and witnessed the alleged conspiracy or have any information pertaining thereto.

The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an adequately described offense. . . when the indictment itself is *too vague and indefinite for such purposes.*

Wong Tai v. United States, 273 U.S. 77 (1927) (emphasis added). United States v. Addonizio, 451 F.2d 49, 63-64 (3rd Cir.), cert. denied, 405 U.S. 936 (1972).

> The function of a bill or particulars is not to provide "detailed disclosure of the government's evidence in advance of trial" but rather to supply "any essential detail which may have been omitted from the indictment." United States v. Anderson, 481 F.2d 685, 690 (4th Cir. 1973). A bill of particulars is not an investigative vehicle for the defense and is not available as a tool to obtain detailed disclosure of the government's evidence prior to trial or to provide the defendant with additional discovery.

See e.g.., United States v. Automated Med. Labs, Inc., 770 F.2d 399, 405 (4th Cir. 1985).

If the government has an "open file policy," this is taken into account in determining whether the degree of detail known by the defendant is constitutionally adequate. United States v. Bales, 813

F.2d 1289 (4th Cir. 1987); United States v. Duncan, 598 F.2d 839, 849 (4th Cir. 1979).

In the present case, the United States represents to the Court that, although it is no longer permitted to use the term "open-file policy," it has provided everything the United States has from the investigators to Defendants' counsel.

Upon consideration of all which, the Court finds the Indictment is not so vague and indefinite as to permit surprise during the trial or to allow for a second prosecution based upon the same conduct. Further, the Court finds the United States has, through what the Court will refer to as an open-file policy in this case, provided any and all information in its possession regarding the charges in the Indictment.

**Defendant's Motions for Bill of Particulars** [DE 97 and 112] are therefore **DENIED**.

**Motions for Disclosure of Grand Jury Witness Testimony** [DE 108]

Defendants move the Court for an order directing the United States to disclose certain Grand Jury witness testimony. Count One (the "Conspiracy Count") of the Indictment alleges that the named defendants conspired with "other persons known and unknown to the Grand Jury . . . ." Defendants contend they are unable to ascertain from the information provided by the Government who these "other persons" are, or the date, time or circumstances surrounding any agreements and/or actions without access to the Grand Jury testimony.

Secrecy of grand jury materials is the norm, as required by F.R.Cr..P. 6(e). Pertinent to Defendants' motion, under 6(e)(3)(E), the Court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs - - of a grand - jury matter: 1) preliminarily to or in connection with a judicial proceeding, or 2) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury.

5

Defendants have not shown that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury. The Court therefore proceeds with this issue solely on the first exception.

The United States Supreme Court has established a three-part test to determine the exceptional case in which disclosure may be warranted, stating that disclosure of grand jury materials is permissible when: 1) the materials are needed to avoid a possible injustice in another judicial proceeding; 2) the need for disclosure is greater than the need for continued secrecy; and 3) the request for disclosure is structured to cover only material so needed. Douglas Oil Co. V. Petrol Stops Northwest, 441 U.S. 211 (1979). Accord United States v. Coughlan, 842 F.2d 737 (4th Cir. 1988). The party seeking disclosure of grand jury materials has the burden of showing what is now commonly called a "particularized need." See, e.g., United States v. Sells Engineering, Inc., 463 U.S. 418 (1983); In re Grand Jury Proceedings, 800 F.2d 1293 (4th Cir. 1986). A trial court's determination of whether to allow disclosure of grand jury materials is reviewed on appeal for an abuse of discretion. Chase, supra at 466.

The Court finds Defendants have not shown the "particularized need" contemplated by the United States Supreme Court.

**Defendants' Motion for Disclosure of Grand Jury Witness Testimony** [DE 108], prior to any date stated in the Initial Scheduling Order in this case is therefore **DENIED**.

**Motion for Exculpatory Evidence** [DE 113]; **Defendant's Brady Motion for Disclosure of Exculpatory Evidence and Notice to the Government of Specific Exculpatory Evidence Requested** [DE 126].

Defendants move the Court for an order directing the Government to furnish forthwith all

information in the possession, custody or control of the Government, or which through the exercise of due diligence comes to the attention of the Government, which is arguably exculpatory.

The Initial Scheduling Order in this case set the deadline for the disclosure by the Government of any such exculpatory evidence as April 19, 2012.

**Defendants' Motion for Exculpatory Evidence** [DE 113] is therefore **DENIED as MOOT**.

**Defendant's Brady Motion for Disclosure of Exculpatory Evidence and Notice to the Government of Specific Exculpatory Evidence Requested** [DE 126] is also **DENIED AS MOOT**.

**Motion for Government's Intention to use Residual Hearsay Exception under F.R.E. 807** [DE 117].

Defendants request the Court Order the Government to provide Defendants with timely notice of its intention to use any statement not specifically covered by FRE 803 or 804, but having equivalent circumstantial guarantees of trustworthiness, and to provide notice of the particulars of the statement, including the name and address of the declarant.

In response, the United States represents to Defendants and to the Court that it does not intend to use this exception to the hearsay rule.

In reliance on the Government's representation to the Court, **Defendants' Motion for Government's Intention to use Residual Hearsay Exception under F.R.E. 807** [DE 117] is therefore **DENIED** as mooted by the Government's response thereto.

**Motion for Disclosure or an *In Camera* Hearing on Co-Conspirators' Statements** [DE 118]

Defendants move the Court for an order compelling the Government to disclose and provide all statements, including communicative acts, which it intends to offer into evidence as co-conspirators' statements under Rule 801(d)(2)(E) as well as disclose the name of the co-conspirator

7

making each statement and the name of the witness who will testify to each statement. The defendant further moves the Court for an *in camera* hearing to determine the admissibility of such statements, including whether a conspiracy existed, whether the defendant participated in the conspiracy, and whether the statements at issue were made in furtherance and during the course of the conspiracy.

Fed.R.Evid. 801(d)(2)(E) provides, as an exception to the hearsay rule, for the admission of statements by co-conspirators made during the course and in furtherance of the conspiracy. To admit evidence under this rule, the government must show, by a preponderance of the evidence: 1) that there was a conspiracy involving the declarant and the party against whom admission of the evidence is sought, and 2) that the statements at issue were made in furtherance and in the course of that conspiracy. Bourjaily v. United States, 483 U.S. 171 (187); U.S. v. Smith, 441 F.3d 254 (4th Cir. 2006). The Fourth Circuit has held that an alleged co-conspirator's statements may be considered in determining the existence of the conspiracy. U.S. v. Neal, 78 F.3d 901 (4th Cir. 1996).

A district court may conditionally admit purported statements of co-conspirators before the evidentiary foundation is laid, so long as the evidence as finally admitted supports the required showing. See United States v. Blevins, 960 F.2d 1252 (4th Cir. 1992). In the Fourth Circuit, no formal hearing is required before co-conspirator statements are admitted. United States v. Hines, 171 F.2d 1481 (4th Cir. 1983). Neither is the trial court required to state on the record its factual findings or reasons for admitting the statements, "although it may be advisable for the trial court to do so in order for an appellate court to more easily assess the basis fo the ruling." Blevins, supra, at 1256.

Upon consideration of all of the above, Defendants' **Motion for Disclosure or an *In Camera* Hearing on Co-Conspirators' Statements** [DE 118] is **DENIED WITHOUT PREJUDICE**, the undersigned United States Magistrate Judge being cognizant that the District

8

Judge conducting the trial may determine such disclosure or in camera hearing is necessary or advisable.

**Motion for Early Production of <u>Jencks</u>/Rule 26.2 Statements** [DE 119].

Defendants move the Court for early production of <u>Jencks</u>/Rule 26.2 statements. As Defendants correctly note, this material need only be produced after the witness testifies. The Court does, however, have discretion to order early disclosure of this material. This Court has, in fact, in its Initial Scheduling Order, ordered disclosure of <u>Jencks</u>/Rule 26.2 statements two weeks prior to trial.

Defendants' **Motion for Early Production of <u>Jencks</u>/Rule 26.2 Statements** [DE 119], is therefore **DENIED as MOOT**.

**Motion for Statement of Uncharged Misconduct Evidence under rule 404(B) [DE 127]**

Defendants move the Court for an order compelling the Government to provide Defendants with a statement containing the nature, dates and places of occurrences of any crimes, wrongs, or acts other than those specified in the Indictment that the government will offer in evidence at trial, along with the purpose for which the Government will seek to admit such evidence.

The Court has already ordered the Government to disclose all 404(b) evidence on or before May 22, 2012, two weeks before trial.

Defendants' **Motion for Statement of Uncharged Misconduct Evidence under Rule 404(B) [DE 127]** is therefore **DENIED** as mooted by the Court's Initial Scheduling Order.

**Motion for Discovery and Inspection Concerning Government's Use of Informants, Operatives and Cooperating Individuals and Motion for Disclosure of Exculpatory Evidence and Notice to the Government of Exculpatory Evidence Requested Concerning Government's Use of**

**Informants, Operatives and Cooperating Individuals** [DE 123]

Defendants move the Court, pursuant to Roviaro, Brady, and Bagley, for an order directing the Government to furnish counsel with information concerning the use of informants, confidential informants, witnesses, informers, confidential sources, sources of information, infiltrators, cooperating individuals, security informers or intelligence assets who participated in any way or who are material witnesses to any of the events charged in the Indictment.

The Supreme Court in Roviaro v. United States, 353 US. 53 (1957), addressed whether the identity of a confidential informant must be disclosed in terms of balancing interests:

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defense, the possible significance o the informer's testimony, and other relevant facts.

Developing case law has rendered the key factor in determining whether disclosure is required is the confidential informant's role in the investigation. On the one hand, the Fourth Circuit has consistently held that the identity of a "mere tipster" need not be disclosed. U.S. v. Price, 783 F.2d 1132 (4th Cir. 1986). Neither is disclosure required where "the informant was used only for the limited purpose of obtaining a search warrant." U.S. v. Fisher, 440 F.2d 654 (4th Cir. 1971). On the other end of the spectrum, where disclosure will likely be required, is the situation in which the confidential informant is an active participant in the crime. Price, supra at 1138.

Between these two ends of the spectrum lies the situation where the confidential informant is more than a tipster but not an integral participant in the criminal activity. See, e.g., U.S. v. Brinkiman, 739 F.2d 977 (4th Cir. 1984). In such situations, disclosure will only be compelled where the defendant's need to know the informant's identity outweighs the government's interest in

maintaining the anonymity of its source. A defendant has the burden to show he is entitled to disclosure. Rugendorf v. United States, 376 U.S. 528 (1964). The Fourth Circuit has emphasized that concrete reasons for disclosure must be established. These reasons must be more than mere conjecture; the defendant must "come forward with something more than speculation as to the usefulness of such disclosure." U.S. v. Smith, 780 F.2d 1102 (4th Cir. 1985).

Whether to require disclosure of a confidential informant is within the sound discretion of the trial court. U.S. v. Gray, 47 F.3d 1359 (4th Cir. 1995). Absent a special showing of need, the Government has no duty to provide names or addresses of its witnesses. US. v. Smith, 780 F.2d 1102 (4th Cir. 1985).

In support of their motion, Defendants cite Brady for the holding that due process forbids a prosecutor from suppressing evidence favorable to an accused upon request where the evidence is material either to guilty or to punishment, irrespective of the good faith or bad faith of the prosecution.

As already stated, the Court has, in its Initial Scheduling Order, already ordered the government to produce all exculpatory evidence, as defined in Brady and Bagley. L.R.Cr.P.16.05. The Court finds Defendants have not met their burden of showing they are entitled to disclosure.

Defendants' **Motion for Discovery and Inspection Concerning Government's Use of Informants, Operatives and Cooperating Individuals and Motion for Disclosure of Exculpatory Evidence and Notice to the Government of Exculpatory Evidence Requested Concerning Government's Use of Informants, Operatives and Cooperating Individuals** [DE 123] is therefore **DENIED**.

**Motion to File Additional Motions** [DE 111]

Defendants move the Court to grant them the right to file additional motions relevant to the information that is hereinafter produced by the Government pursuant to the Court's Scheduling Order, the Federal and Local Rules of Criminal Procedure, or as a result of his Court's ruling on motions previously filed by the Defendants.

The Court notes it has already extended the time to file pretrial motions. Further, the Final Pretrial Conference in this case is only a week or less away, and the trial is scheduled in approximately three weeks. The trial court is given broad discretion in deciding whether to gran or deny untimely motions. See, e.g., U.S. v. Ricco, 52 F.3d 58 (4th Cuir. 1995).

**Defendants' Motion to File Additional Motions** [DE 111] is therefore **DENIED without PREJUDICE**. Defendants may file a Motion to file Motion out of Time if later circumstances warrant.

For docketing purposes docket entries 110, 120, 121, 122, 124, 129, 130, 131,and 132 are **GRANTED**.

Docket entries 97, 108, 112, 113, 117, 119, 123, 126, and 127 are **DENIED**.

Docket entries 107, 111, and 118 are **DENIED WITHOUT PREJUDICE**.

It is so **ORDERED**.

The United States Clerk for the Northern District of West Virginia is directed to provide a copy of this order to counsel of record and all involved agencies.

DATED: May 17, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE